

# NUMBER 13-25-00222-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**HECTOR SANCHEZ, #02093641,**                                             **Appellant,**

**v.**

**GABRIEL GONZALES,**                                                   **Appellee.**

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF BEE COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Silva**

On April 22, 2025, pro se appellant Hector Sanchez filed a notice of appeal attempting to appeal the judgment rendered in trial court cause number B-22-1419-CV-A. On April 25, 2025, the Clerk of the Court notified Sanchez that he should make a written request for the appellate record. *See* TEX. R. APP. P. 34.5(a), 34.6(b)(1). Sanchez then

filed a "Request for Clarification" which we construed as a motion to supplement the appellate record.

On July 25, 2025, we abated the appeal and remanded the case to the trial court for clarification of Sanchez's motion to supplement the appellate record. Furthermore, we instructed the trial court to make a determination on whether Sanchez was still actively pursuing his appeal. On August 26, 2025, the trial court held a hearing pursuant to this Court's abatement order and issued written findings. Among other things, the trial court found that "the record is devoid of actual evidence of [appellee's] employment status with [the Texas Department of Criminal Justice]" and "appellant desires to proceed with his appeal."

On September 9, 2025, Sanchez filed a motion in this Court requesting a free copy of the appellate record. Upon further review of the documents before us, it appears that Sanchez filed a statement of inability to afford payment of court costs, however, the trial court did not make a determination on the matter of his indigency. Accordingly, on September 15, 2025, we issued a supplemental abatement order and requested that the trial court decide whether Sanchez was indigent, whether he was entitled to a free appellate record, and whether he had been provided a complete copy of the appellate record. On November 7, 2025, the trial court held a hearing pursuant to this Court's supplemental abatement order and issued written findings. In particular, the trial court found that Sanchez "is not 'indigent,'" "is not entitled to a free record," and "has not been provided with a complete [record]." The trial court noted that the clerk's office is "amenable to accepting monthly installments for the payments of [c]ourt [c]osts as reflected in the transcript of the proceedings."

2

On November 10, 2025, we reinstated the appeal. On the same day, the Clerk of the Court requested Sanchez to remit a $10.00 filing fee for his motion to supplement the record filed on July 21, 2025, and a $10.00 filing fee for his motion for a free copy of the appellate record filed on September 9, 2025. We further notified Sanchez to remit the $205.00 filing fee for the notice of appeal within ten days from the date of the notice. On December 11, 2025, the Clerk of the Court again notified Sanchez he was delinquent in remitting a $20.00 filing fee for both motions. The Clerk of the Court further notified Sanchez that the $205.00 filing fee was delinquent and the appeal was subject to dismissal if the filing fee was not paid within ten days from the date of the notice. *See id.* R. 42.3 (b), (c).

On January 6, 2026, Sanchez filed an objection complaining, among other things, that there is no order that complies with Texas Rule of Civil Procedure 145. *See* TEX. R. CIV. P. 145(f). On January 8, 2026, we abated the matter and remanded the case to the trial court to provide Sanchez with an order pursuant to Rule 145. *See id.* On January 12, 2026, a supplemental clerk's record was filed that included the trial court's "Order on Finding Appellant Not Indigent Pursuant to Rule 145(f)." The following day, we reinstated the appeal and the Clerk of the Court mailed a copy of the trial court's order to Sanchez. On January 27, 2026, the Clerk of the Court notified Sanchez that he was still delinquent in remitting the filing fees and further advised him that the appeal was subject to dismissal if the fees were not paid by February 2, 2026. *See* TEX. R. APP. P. 42.3(b), (c).

Sanchez failed to pay any of the filing fees as instructed nor otherwise responded to the clerk's notices requiring a response or other action within the time specified. Furthermore, the record contains no evidence that he is excused by statute or rule from

paying the filing fees. *See id.* R. 5, 20. Texas Rule of Appellate Procedure 42.3 permits an appellate court to dismiss the appeal for want of prosecution for failure to comply with a requirement of the appellate rules. *See id.* R. 42.3(b), (c). The Court, having examined and fully considered the documents on file and Sanchez's failure to pay the filing fee required to pursue this appeal, is of the opinion that the appeal should be dismissed. Accordingly, the appeal is dismissed for want of prosecution. *See id.* R. 5, 42.3(b), (c); *Capitol Imaging Servs. v. Charles*, No. 13-25-00246-CV, 2025 WL 2166598, at *1 (Tex. App.—Corpus Christi–Edinburg July 31, 2025) (mem. op.).[1]

CLARISSA SILVA
Justice

Delivered and filed on the
26th day of February, 2026.

---

[1] Sanchez's motion to supplement the record is dismissed as moot.

4